**David B. BOWMAN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–8911–CR–00583.**

Court of Appeals of Indiana,
Second District.

June 26, 1991.

Shannon B. Adams–Bowman, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Office of Attorney General Indianapolis, for appellee-plaintiff.

SHIELDS, Presiding Judge.

David B. Bowman appeals his convictions of theft and four counts of official misconduct.

We affirm.

FACTS

David B. Bowman joined the Indianapolis Police Department on October 7, 1963. Subsequently, he became employed on a part-time basis by Melvin Simon & Associates. In December, 1986 Bowman was promoted to the merit rank of Captain and assigned as a field captain for Quadrant Three on the 7:00 p.m. to 3:00 a.m. shift. Bowman worked those hours for some time and then received permission to work from 4:00 p.m. to midnight. He frequently came to work around 1:30 or 2:00 p.m. and was "on the air" until at least midnight.

The Department implemented time records in April 1986. At all relevant times, Bowman reported his hours to the City as from 4:00 p.m. to midnight although during some of these hours he was also working for Simon & Associates. Bowman was indicted on five counts of theft, one count of attempted theft and six counts of official misconduct. He was con-

victed on one count of theft and four counts of official misconduct. The theft conviction was based on a count alleging the City relied on Bowman's time card showing an eight-hour shift to pay him; the official misconduct convictions were based on counts alleging essentially the same conduct.

## ISSUES

\*  \*  \*  \*  \*  \*

2. Whether the evidence is sufficient to sustain his convictions.

\*  \*  \*  \*  \*  \*

## II.

Bowman argues the evidence is insufficient to support his convictions. Bowman was convicted of one count of theft and four counts of official misconduct. The theft count alleged Bowman exercised unauthorized control over currency belonging to the City by creating or confirming the false impression he worked an eight-hour shift. Bowman's convictions for official misconduct were based upon allegations Bowman submitted false or misleading records of work hours with the intent to obtain currency. Hence, for both theft and official misconduct the State had the burden of proving beyond a reasonable doubt that Bowman was paid by the City based upon his reports of the hours he worked. Bowman claims the State did not and could not meet this burden because the City of Indianapolis had to pay Bowman regardless of whether he worked the hours as reported on his time record.

Pursuant to the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (1982), as amended, Pub.L. 99–150 (1985), the Indianapolis Police Department issued General Order No. 20.02 on April 17, 1986, effective April 19, 1986. Section III(B) of the order states, in relevant part: "[I]n accordance with their job duties, employees in the ranks of sergeant, lieutenant, and captain are exempt from coverage under the Fair Labor Standards Act as executives or administrators, as those terms are defined under the Act."

Bowman claims that, as a field captain, he fell within the definition of an executive. 29 C.F.R. § 541.118(a), promulgated pursuant to the Act, provides an employee, classified as an executive, receives "each pay ... a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. Subject to the exceptions provided ... the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked." 29 C.F.R. § 541.118(a). Consequently, Bowman argues that even though the evidence shows he performed services for another employer during some of the hours he reported on his City work reports, he was entitled to his salary.

Whether the City is in compliance with the Fair Labor Standards Act is of no consequence. That is a question for the civil courts or administrative proceedings. If, in fact, Bowman is not an executive as that term is defined by the Act and the applicable regulations, he has a remedy against the City. In no event is Bowman's status or the City's compliance with the Act an issue relevant to a criminal prosecution. Bowman is not charged with violating the Act; he is charged with violating the criminal law of Indiana.

The claim is Bowman violated the criminal law of Indiana by creating or confirming the false impression he worked eight specific hours for the City to obtain his pay for that eight hour period and, for the official misconduct convictions, was a public official when he created or confirmed the false impression. The issue is whether the State met its burden of proving a nexus between Bowman's pay and his time records. On this point the evidence is an officer holding the rank of captain who works less than 2,080 hours in the course of a year will not receive the annual salary for a captain. The officer is expected to work "[f]orty hours a week, 2,080 hours a year." Record at 581. The finance office captain stated those hours were the "basis for the pay that [he paid] out from the finance department" for any rank from

captain and below. Record at 581. The captain continued:

> When the card comes in if we find that it did not come up to 160 hours then we would do one of two things, it would depend upon whether it was overpaid or underpaid.... Now if an officer—often times due to transfer from one division to another and that will throw off the schedule so he may only come up with a 152 hours and we paid him for a 160. In that case we would require the officer to either take a bonus day, a vacation day, if he has one available, if he has no available days to take for that extra day that we've paid him that he did not work, then we would, on one of the following checks coming up, we would take the eight hours and only pay him seventy-two instead of eighty.

Record at 587.

> Q. In other words, if they're not made they don't get paid or they will get paid but then you're going to come back and deduct it (unintelligible), is that right?
>
> A. That's correct. If I don't get a time card from somebody, that I've already paid for, I'm going to be looking for that person to make sure they're still working on it.

Record at 590.

A reasonable fact finder could conclude from this evidence that Bowman would not have been paid, or would have had sums withheld from his pay in the event of an overpayment, without the time records which reported Bowman was working for the City at the same time he was being compensated for services performed for another employer.

An employer has the right to designate the hours for which an employee will be compensated. Here the evidence is Bowman was scheduled for a shift from 4:00 p.m. until midnight. Therefore, whether he reported early is not relevant. The City also has the right to require its employees to work exclusively for it during duty hours, as it did here. Consequently, whether Bowman's employment with his other employer interfered with the performance of his police duties is similarly not relevant to the narrow issue before us.

Bowman's other arguments, that he believed his other employment was approved and encouraged; that had he intended to commit theft from the City he could have claimed sick leave during the hours of his dual employment; and that his supervisor knew his time records were inaccurate because the supervisor knew Bowman reported early are arguments that implore this court to reweigh the evidence and judge the credibility of the witnesses. We will not do so.

In conclusion, the evidence is sufficient to sustain Bowman's conviction for theft. It is similarly sufficient to sustain his convictions for official misconduct in that he performed an unlawful act, submitted false or misleading records of work hours on days alleged in the counts, with intent to obtain currency, i.e., he committed several acts of theft.

\* \* \* \* \* \*

Judgment affirmed.

GARRARD and SULLIVAN, JJ., concur.

### ORDER FOR PUBLICATION OF PORTION OF MEMORANDUM DECISION

This court upon its own motion deems Issue II of the unpublished Memorandum Decision bearing the above caption, to satisfy the criteria for publication pursuant to Appellate Rule 15(A). Now therefore the redacted version of the Memorandum Decision as attached hereto and made a part hereof is ordered published.